**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. # 1707020603 |
| | ) | |
| DRYBURGH JONATHAN, | ) | |
| | ) | |
| Defendant. | | |

Submitted: May 29, 2024
Decided: July 17, 2024

### ORDER DENYING DEFENDANT'S
### MOTION FOR DISCOVERY AND INSPECTION

Upon consideration of Defendant Jonathon Dryburgh's ("Dryburgh") Motion for Discovery and Inspection (the "Discovery Motion"), the Court finds the following:

1.      On March 15, 2018, Dryburgh pled guilty to Attempted Murder First, Robbery Second, Possession of a Firearm During the Commission of a Felony, Resisting Arrest, and Possession of a Firearm by a Person Prohibited.[1]  On July 13, 2018, he was sentenced to 31 years (unsuspended time) at Level V, followed by decreasing levels of supervision.[2]

2.      On December 26, 2018, Dryburgh filed a Motion for Postconviction Relief under Superior Court Criminal Rule 61.[3]  An April 30, 2019 Commissioner's

---

[1] D.I. 13.
[2] D.I. 16.
[3] D.I. 17.

Report and Recommendation, recommended that the motion for postconviction relief be denied. By Order dated May 16, 2019, the Court adopted the Commissioner's Report and denied the postconviction motion.[4]

3.    Dryburgh filed his Discovery Motion[5] on May 29, 2024, pursuant to Superior Court Criminal Rule 16, seeking production of a broad array of materials. The Discovery Motion lists 8 categories of documents Dryburgh seeks: all written and recorded statements or confessions made by Dryburgh; a written statement relating to the substance of oral statements made by him; written reports from any physical or psychological examinations of him or any alleged victims; grand jury testimony by Dryburgh; executed search warrants; a copy of his prior criminal record; and all *Brady* material.[6] Dryburgh does not provide any explanation for the need for this information or a legal basis upon which he is entitled to such information at this stage.

4.    "Superior Court Criminal Rule 16 applies to pre-trial discovery and does not afford relief to a Defendant post-sentencing."[7] "Nowhere in Rule 16 does the duty to provide discovery continue after the conviction has become final."[8]

---

[4] D.I. 26.
[5] D.I. 27.
[6] D.I. 27.
[7] *State v. Daniels*, 2016 WL 6610319, at *3 (Del. Super. Oct. 14, 2016).
[8] *State v. Schultz*, 2015 WL 4739503, at *2 (Del. Super. July 31, 2015).

5.      Accordingly, the Discovery Motion is **DENIED**.


IT IS SO ORDERED.

>                    /s/Kathleen M. Miller
>                    The Honorable Kathleen M. Miller

Original to prothonotary
Matthew Frawley, Esq., Deputy Attorney General
Jonathon Dryburgh SBI# 00860757